IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01006-MSK-BNB

JOHN STEPHEN HEANEY,

        Plaintiff,

v.

DETECTIVE JAMES COSTIGAN,
DETECTIVE MICHAEL CORDOVA,
DETECTIVE NOEL IKEDA,
OFFICER LUKE PALMITERE,
SERGEANT DANIEL STEELE,
ALL LAW ENFORCEMENT OFFICERS EMPLOYED BY THE DENVER POLICE
DEPARTMENT, and,
THE CITY AND COUNTY OF DENVER COLORADO,

        Defendants.

---

## ORDER OF REMAND
---

        **THIS MATTER** comes before the Court *sua sponte*.

        This matter is before the Court on a Notice of Removal (**#1**) filed by Defendants City and County of Denver and Noel Ikeda on April 30, 2009. The Notice of Removal asserts that this action was initiated in Denver County District Court on April 3, 2009, and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. No defendants other than the City and County of Denver and Noel Ikeda are referred to in the Notice of Removal, however it appears that at least two other defendants had been served before the Notice of Removal was filed. Defendant James Costigan and was served on April 13, 2009 **(#5)** and Defendant Luke Palmitere was served on April 22, 2009 **(#5)**. Neither Defendant Costigan nor Defendant Palmitere have

consented to removal of this action.[1]

Any civil action brought in state court over which the federal district courts have original jurisdiction may be removed by the defendant, or defendants, to the federal district court within the district where the action is pending. 28 U.S.C. § 1441(a). This is accomplished by the filing of a Notice of Removal containing a brief statement of the grounds supporting removal. A defendant seeking removal bears the burden of establishing its right to removal, including its compliance with the procedural requirements underlying removal. *See Dawson v. Orkin Exterminating Co., Inc.*, 736 F.Supp. 1049, 1050 (D. Colo. 1990). This burden is heavy because federal courts employ a presumption against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Generally,[2] all defendants named and served in an action must join in or consent to its removal. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). If all defendants do not join in the removal, remand is appropriate. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *see also Liebau v. Columbia Cas. Co.*, 176 F.Supp.2d 1236, 1243 (D. Kan. 2001)(citing *Cornwall*, *supra*).

A notice of removal filed by less than all named defendants is defective if it fails to explain the absence of the non-removing defendants. *See Northern Illinois Gas Co. V. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982). Defendants who do not join in a notice of

---

[1] There is no express consent of record and the Answer (#9) filed on behalf of Defendants Costigan and Palmitere responds to the Complaint filed in the state court action without reference to the Notice of Removal.

[2] There are exceptions to the requirement of unanimous joinder, but none has been asserted here.

removal may subsequently consent to removal, but must do so in writing.  *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (finding a statement in notice of removal that all other defendants consented to removal not sufficient to establish that other defendants joined in removal), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  A defendant's passive acquiescence is not sufficient to establish his joinder in removal.  *See Mehney-Egan v. Mendoza*, 124 F.Supp.2d 467, 471 (E.D. Mich. 2000).  The absence of Defendants Costigan and Palmitere is not addressed in the Notice of Removal.  More than 30 days have passed since its filing.  Defendants Costigan and Palmitere have responded to the Complaint in the state action,  but have not affirmatively consented to removal of the action.  Therefore remand is appropriate.

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Denver County District Court.

DATED this 4th day of June, 2009.

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge

3