IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01006-MSK-BNB

JOHN STEPHEN HEANEY,

       Plaintiff,

v.

DETECTIVE JAMES COSTIGAN,
DETECTIVE MICHAEL CORDOVA,
DETECTIVE NOEL IKEDA,
OFFICER LUKE PALMITERE,
SERGEANT DANIEL STEELE,
ALL LAW ENFORCEMENT OFFICERS EMPLOYED BY THE DENVER POLICE
DEPARTMENT, and,
THE CITY AND COUNTY OF DENVER COLORADO,

       Defendants.

_____

**OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION
AND VACATING ORDER OF REMAND**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for

Reconsideration **(# 13)**.

The Plaintiff commenced this action in the Colorado state courts.  On April 30, 2009,

Defendants Ikeda and City and County of Denver filed a Notice of Removal **(# 1)**, removing the

action to this Court.  By *sua sponte* Order **(# 12)** dated June 4, 2009, the Court observed that

Defendants Palmitere and Costigan had been served with process on April 13 and 22, 2009, prior

to the filing of the Notice of Removal, yet the Notice gave no indication that these Defendants

consented to removal.  Noting that, in general, the consent of all served Defendants must be

obtained before removal may be effected, the Court found the Notice of Removal to be defective and remanded the action.

The Defendants filed the instant Motion for Reconsideration **(# 13)**, arguing that: (i) Defendants Costigan and Palmatier now express their consent to the removal; (ii) that the Court's remand of the action prejudices the ability of later-served Defendant Cordova to independently remove the action; (iii) that the Plaintiff's failure to file any motion to remand constitutes the Plaintiff's waiver of any procedural defects in the Notice of Removal; (iv) that pursuant to 28 U.S.C. § 1447(c), a motion to remand the case based on a procedural defect must be made within 30 days of the date of removal; and (v) that the Court's Order of remand for lack of unanimity was based on a procedural defect and, because it occurred more than 30 days after removal, was improper under 28 U.S.C. § 1447(c).

The Court is unpersuaded that a post-remand representation that all Defendants consent to remand is a sufficient to set aside the decision, and finds the fact that the Plaintiff failed to move for remand within the 30-day period of 28 U.S.C. § 1447(c) to be irrelevant (except insofar as the Court deems the Plaintiff to have thereby forfeited any right to contest the instant motion for reconsideration).

Having reviewed *Green Tree Financial Corp. v. Arndt*, 72 F.Supp.2d 1278, 1283 (D. Kan. 1999), Judge Baldock's dissent in *Archuleta v. Lacuesta*, 131 F.3d 1359, 1366 (10th Cir. 1997), and the cases cited therein, the Court is not persuaded that a proper reading of 28 U.S.C. § 1447(c) prevents a court from *sua sponte* remanding an action for a procedural defect, much less that it requires the court to do so within the 30 day period in which a <u>plaintiff</u> must <u>move</u> for such relief.  This Court believes that the various courts reaching that conclusion have failed to

pay due heed to the well-established proposition that removal statutes are to be strictly construed and all doubts resolved against permitting removal. *See generally Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Nevertheless, the Court accepts the Defendants' argument that its remand inadvertently compromised Defendant Cordova's rights. The record reflects that Defendant Cordova first obtained knowledge of this action on May 4, 2009. As the last-served Defendant, Defendant Cordova could have independently removed this action (if consented to by all other Defendants), even if the other Defendants had waived or otherwise lost their right to remove. *See e.g. Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204-07 (11th Cir. 2008) (explaining "last-served defendant" rule). Pursuant to 28 U.S.C. § 1446(b), Defendant Cordova would have had 30 days from May 4, 2009, to independently remove this action. But because the action was already pending in federal court at that time, it would have appeared unnnecessary for Defendant Cordova to do so. Had the Court issued its remand order earlier, Defendant Cordova could have rescued the Defendants' removal, but by sheer unfortunate timing, the Court's Order came down the day after Defendant Cordova's time to remove expired. The Defendants have represented that, had the timing been different, Defendant Cordova would have independently removed the action and that all of the Defendants would have joined in that removal.

Thus, under these circumstances, the Court finds that but for the unusual timing of the Court's *sua sponte* Order, Defendant Cordova would have properly removed this action. Accordingly, it is appropriate to preserve Defendant Cordova's rights by vacating the remand order and restoring this case to the position it would have otherwise occupied.

Accordingly, the Defendants' Motion for Reconsideration (**# 13**) is **GRANTED**.  Upon reconsideration, the Court finds that justice requires the June 4, 2009 Order of Remand be **VACATED**.

Dated this 8th day of June, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge