IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01006-MSK-BNB

JOHN STEPHEN HEANEY,

    Plaintiff,

v.

DETECTIVE JAMES COSTIGAN,
DETECTIVE MICHAEL CORDOVA,
DETECTIVE NOEL IKEDA,
OFFICER LUKE PALMITERE,
SERGEANT DANIEL STEELE,
ALL LAW ENFORCEMENT OFFICERS EMPLOYED BY THE DENVER POLICE DEPARTMENT; and
THE CITY AND COUNTY OF DENVER, COLORADO,

    Defendants.

_____

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
"PARTIES' JOINT MOTION UNDER FED.R.EVID. 702"
AND TO EXTEND THE DEADLINE TO SUBMIT JOINT RULE 702 MOTION**
_____

Plaintiff, by and through his attorney, Raymond K. Bryant of Rosenthal and Heymann, LLC, motions this Honorable Court to strike Defendants' "Parties' Joint Motion Under Fed.R.Evid. 702" (Docket 74), and to extend the deadline to file a Joint Rule 702 Motion in conformity with Judge Krieger's "Procedures for Rule 702 Motions." In support, Plaintiff states as follows:

**RELIEF REQUESTED**

1.      Plaintiff requests that the Court (1) strike Defendants' "Parties Joint Motion Under FED.R.EVID.702." [*docket 72*] and 2) grant an extension of time up to and including January 6, 2010, to file a Joint Rule 702 Motion.

**BACKGROUND**

2.      The Parties' Rule 702 Motion is currently due December 31, 2010.

3.      On December 29, 2010, at approximately 3:00 pm, Defendants' requested an opportunity to confer with Plaintiff regarding a Rule 702 Motion relating to the opinions of Plaintiff's experts.

4.      Plaintiff's counsel made an appointment with Defendant for the following morning to discuss Defendants' motion.  Defendants' counsel intended to raise Plaintiff's objections to Defendants' expert opinions as well.

5.      The next morning, Defendants conferred with Plaintiff regarding Defendants' proposed challenges. Defendant identified five opinions and the bases upon which Defendant wishes to challenge Plaintiff's expert opinions. Plaintiff attempted to confer with Defendant in the same manner. Plaintiff proposed several challenges to the expert opinions of Defendants' expert opinions. Defendant suggested that this should be done in writing in the manner described by Judge Krieger's rules – specifically articulating the opinions challenged and the basis for the challenges. Plaintiff agreed to send this detail, in that form, by email to continue the conferral process, contemplating a Rule 702 motion that would include challenges to Defendants' expert opinions.

6. During the same telephone conversation, Defendants' counsel and Plaintiff's counsel also discussed a motion unrelated to the Rule 702 motion. Plaintiff's and Defense counsel agreed to continue communication regarding both the Rule 702 motion and the unrelated motion that day, December 30, because Defense counsel had expressed that they would be out of the office the following day, December 31, 2010.

7. Plaintiff's counsel emailed challenges to two of Defendants' experts by email in conformity with the format required by Judge Krieger's Procedures regarding Rule 702 Motions. Plaintiff's counsel specifically requested that Defendants' counsel call or email to confer regarding Plaintiff's challenges in order to conform with Judge Krieger's procedure regarding the joint motion that should follow.

8. Plaintiff's counsel attempted contact with Defendants' counsel throughout the day, on five separate occasions, and received no response regarding the ongoing conferral. Defense counsel finally sent an email at 5:19pm stating that she had been busy and did not have time to look at Plaintiff's challenges. Plaintiff's counsel responded by offering his cell phone number and requesting that Defense counsel respond.

9. At some point during this process, Defendants unilaterally filed a motion titled "Parties Joint Motion Under FED.R.EVID.702." Plaintiff was not provided a copy of this motion before it was filed. The purportedly "joint" motion was signed only by counsel for Defendants. None of Plaintiff's challenges to Defendants' expert opinions were included in the motion.

10. Pursuing to D.C.COLO.LCivR 7.1, during December 30 and 31, Plaintiff attempted several times via email and phone requesting a substantive conferral regarding this

matter and the relief herein. Counsel for Defendants have not called, but sent two brief emails. City Attorney Wendy Shea (who was in the office on December 30 and conferred partially with Plaintiff's counsel regarding the Joint Rule 702 Motion) offering an extension of time through January 3. Counsel from Bruno, Colin, Jewell and Lowe agreed to some additional extension (until January 4) but less than that requested herein. Although several efforts have been made during two days to consult regarding these matters, Plaintiff has not had an opportunity to discuss, whether by email or phone, the failure to comply with Judge Krieger's Procedures for Rule 702 Motions. However, Plaintiffs has attempted to confer in good faith. Further, the extension requested would certainly not prejudice Defendants as they would then have an opportunity to file a joint motion in compliance with the procedures.

## ARGUMENT

**I.     Defendants' Rule 702 Motion was not a joint motion as defined by Judge Krieger's Procedures for Rule 702 Motions. Therefore, the motion filed by Defendants violated the procedure and should be stricken.**

11.     Despite the fact that Defendants' motion filed on December 30 was titled "Parties Joint Motion," the motion was not jointly prepared or filed. The motion was essentially a Defense motion, inappropriately titled. The document was not shown to Plaintiff before filing. Plaintiff did not have an opportunity to edit, change, or modify the motion before filing. Defendants filed the motion with only Defendants' signatures. The motion contained only Defendants' challenges to Plaintiff's expert opinions, and did not mention Plaintiff's challenges

4

to Defendants' expert opinions. Late Thursday night, December 30, after Plaintiff made several attempts to continue conferring with Defense, Plaintiff's counsel realized that a motion had been filed.

12. Judge Krieger's Procedures for Rule 702 Motions requires that the parties file a joint motion, including all parties' challenges, in one document. *See* Procedures for Rule 702 Motions, section A(iv).

13. Although Defendants filed the motion in the appropriate form, Defendant failed to include the appropriate substance. The motion should not have been a Defense motion labeled "Joint Motion." The motion should have been jointly drafted, filed with Plaintiff's consent and contribution. Most importantly, the motion should have included Plaintiff's challenges to Defendants' experts.

14. Defendants' filed a faulty motion that violated Judge Krieger's procedural rules and should be stricken.

II. **Defendant failed to properly confer with Plaintiff before filing the motion as required by Judge Krieger's Procedure for Rule 702 Motions.**

15. Judge Krieger's Procedures for Rule 702 Motions requires here that all parties jointly confer regarding both Plaintiff's and Defendants' challenges to expert opinions. *Id.* Section A(i).

16. Defendant conferred with Plaintiff regarding its own challenges, but did not finish conferring with Plaintiff regarding Plaintiff's challenges. Counsel for Defendants indicated that she was too busy to confer, although she agreed earlier to continue the conferral.

17. Defendant was put on notice during the conferral process that Plaintiff intended to challenge Defendants' expert opinions. In fact, Defendants' counsel suggested that Plaintiff change the format of their presentation to comply with Judge Krieger's procedure during the conferral process itself.

18. Plaintiff followed-up by presenting its challenges to Defendants' motion via email. Defendants' counsel did not follow-up or respond to Plaintiff's attempts to complete the conferral. Therefore, Plaintiff *cannot* comply with Judge Krieger's Practice Standards due to the lack of cooperation of counsel for Defendants.

19. Defendants prematurely filed the Joint Motion before complying with the conferral requirements of the procedure. Therefore, the Defendants violated the procedure.

20. This violation made the motion appear that Plaintiff had no challenge to Defendants' expert opinions. If left uncorrected, this motion would prejudice Plaintiff by precluding a challenge later. *See* Judge Krieger's practice standards Section IV(G).

21. Accordingly, the original "Joint Motion" should be stricken and the deadline extended to allow for proper conferral and joint submission of the motion.

**CERTIFICATE OF COMPLIANCE**

22. There were two previous extensions of time relating to this deadline. The Scheduling Order [*docket 24*], signed and filed by United States Magistrate Judge Boyd N. Boland on January 26, 2010, set the Dispositive Motions Deadline as September 3, 2010. U.S.

District Court Judge Marcia S. Krieger signed and filed the Trial Preparation Order – Civil [*docket 27*] on January 27, 2010. The Order requires that the deadline for the filing of Rule 702 motions shall be the same as that for filing of dispositive motions, thus <u>setting the initial Deadline to file a Rule 702 Motion as September 3, 2010.</u> On July 26, 2010, the Court granted the parties Stipulated Motion to Amend the Scheduling Order and for Extension of Time [*docket 40*]. The Dispositive Motions Deadline was extended to October 22, 2010, thus <u>extending the Deadline to file a Rule 702 Motion to October 22, 2010</u>. On November 9, 2011, the Court granted Defendants' Unopposed Motion to Modify Scheduling Order [d*ocket 53*], extending the Dispositive Motions Deadline to December 31, 2010, thus <u>extending the Deadline to file a Rule 702 Motion to December 31, 2010</u>. Plaintiff requests an additional six (6) days.

23.  Pursuing to D.C.COLO.LCivR 6.1, contemporaneously with filing this motion, Plaintiff's counsel has served a copy by email to Plaintiff.

Wherefore, Plaintiff respectfully requests that This Honorable Court 1) strike Defendants' motion [*docket 74*] and 2) grant an extension of the deadline to submit the Parties' Joint Rule 702 Motion up to and including December 6, 2010.

Respectfully submitted this 31st day of December 2010.

                                            ROSENTHAL & HEYMANN, LLC

                                            <u> /s Lonn M. Heymann </u>
                                                 Lonn M. Heymann

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of December, 2010, a true and correct copy of the **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' "PARTIES' JOINT MOTION UNDER FED.R.EVID. 702" AND TO EXTEND THE DEADLINE TO SUBMIT JOINT RULE 702 MOTION** correctly filed and sent *via* ECF:


Jamie Dyan Wynn            jwynn@bcjlpc.com

Marc F. Colin              mcolin@bcjlpc.com

Suzanne A. Fasing          dlefiling.litigation@denvergov.org

Wendy J. Shea              dlefiling.litigation@denvergov.org


    /s Lonn M. Heymann
Lonn M. Heymann