**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-cv-01006-MSK-BNB

JOHN STEPHEN HEANEY,

Plaintiff,

v.

DETECTIVE JAMES COSTIGAN,
DETECTIVE MICHAEL CORDOVA,
DETECTIVE NOEL IKEDA,
SERGEANT DANIEL STEELE,
ALL LAW ENFORCEMENT OFFICERS EMPLOYED BY THE DENVER POLICE DEPARTMENT, and
THE CITY AND COUNTY OF DENVER,

Defendants.

_____

**RESPONSE TO MOTION TO STRIKE**
_____

Defendants, **JAMES COSTIGAN**, **MICHAEL CORDOVA, NOEL IKEDA**, and **DANIEL STEELE**, by their attorney, Suzanne A. Fasing, Assistant City Attorney, and BRUNO, COLIN, JEWELL & LOWE, P.C, by Marc F. Colin, and **THE CITY AND COUNTY OF DENVER**, by its attorney, Suzanne A. Fasing, Assistant City Attorney, hereby submit the following Response to "Plaintiff's Motion to Strike Defendants' 'Parties' Joint Motion under Fed.R.Evid. 702' and to Extend the Deadline to Submit Joint Rule 702 Motion." (#76, filed 12/31/10) (hereinafter referred to as "the Motion to Strike").

1. Plaintiff's Motion to Strike requests two alternative forms of relief: (i) striking the "Parties' Joint Motion Under Fed. R. Evid. 702" (#74) (hereinafter referred to as "the Rule 702

motion"), which was filed with the Court by Mr. Colin's office on December 30, 2010; or, in the alternative, (ii) granting an extension of the deadline for Plaintiff to file his Rule 702 motion.

2. Defendants object to striking their Rule 702 motion, which is the first form of relief requested by Plaintiff.

3. Defendants do not object to the alternative form of relief, of an extension of time for Plaintiff to file his Rule 702 motion. Plaintiff also made this same request for relief in "Plaintiff's Unopposed Motion for Leave to Supplement Parties' Joint Motion Under Fed.R.Evid. 702" (#81, filed 01/14/11), which correctly represents that the Defendants do not object to said motion.

4. Rule 702 motions were due on December 31, 2010, which was a government holiday (Trial Preparation Order – Civil, #27, filed 01/27/10, and #53, filed 11/09/10). Therefore, Defense counsel filed the Rule 702 motion on December 30, 2010.

5. Before filing the Rule 702 motion, counsel for the Defendants had multiple communications, by telephone and e-mail, with Plaintiff's counsel in an effort to comply with this Court's Procedures for Rule 702 Motions (Effective January 1, 2006), as summarized in Plaintiff's Motion to Strike (#76, *see e.g.*, ¶¶ 3, 5).

6. The Rule 702 motion substantially complies with this Court's Procedures for Rule 702 Motions in that (i) it identifies each challenged opinion of each expert that will be offered by the Plaintiff; (ii) for each challenged opinion, the Rule 702 grounds are identified which are not satisfied; (iii) the parties conferred and requested that the Court schedule the Rule 702 motion hearing for five hours; and (iv) the Rule 702 motion substantially complies with the sample motion included with the Court's Procedures for Rule 702 Motions.

7.      The Rule 702 motion was filed under the signatures of both Defense counsel, but did not include the signature for Plaintiff's counsel, because he would not authorize the filing of the motion.

8.      Plaintiff's counsel concedes in his Motion to Strike that the parties conferred about the five challenged opinions identified in the Rule 702 Motion prior to filing said Motion (#76, ¶ 5).  Further, it is undisputed that these five challenged opinions are in fact offered by Plaintiff's expert witnesses in their expert witness disclosures (#74-1 through #74-5).

9.      Plaintiff's Motion to Strike raises its biggest objection to the omission of Plaintiff's challenges to the opinions of Defendants' expert witnesses from the Rule 702 Motion.

10.     Defense counsel do not interpret this Court's Procedures for Rule 702 Motions to require a single joint motion that addresses all challenged opinions of the Plaintiff's experts, and all challenged opinions of the Defendants' experts.  For example, the sample motion included with the Court's Procedures for Rule 702 Motions refers only to challenges to the Plaintiff's expert witnesses.

11.     Further, Plaintiff's counsel did not make timely and reasonable efforts to provide Defense counsel with the information necessary to prepare a single joint Rule 702 Motion, which would include Plaintiff's challenges to the Defendants' expert witness opinions, so that a single joint Rule 702 Motion could be filed by December 30, 2010.  Plaintiff informed Defense counsel about his challenges on the very day that the motion was due, and expected Defense counsel to prepare a single joint Rule 702 Motion on the same day that Defense counsel were required to file a comprehensive motion for summary judgment.

12.     Plaintiff's failure to file his Rule 702 Motion by the deadline of December 31, 2010, does not constitute good cause for striking the Defendants' Rule 702 motion which was timely filed.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that the Court deny the relief requested in Plaintiff's Motion to Strike Defendants' "Parties' Joint Motion under Fed.R.Evid. 702" and to Extend the Deadline to Submit Joint Rule 702 Motion (#76), of striking Defendants' Rule 702 Motion (#74).

Respectfully submitted, this 18th day of January, 2011.

*s/Suzanne A. Fasing*
Suzanne A. Fasing
Wendy J. Shea
Denver City Attorney's Office - Litigation Section
201 West Colfax Avenue - Department 1108
Denver, CO 80202
Telephone: 720-913-3100
dlefiling.litigation@ci.denver.co.us
*Counsel for Defendants*


*s/Marc F. Colin*
Marc F. Colin, Esq.
Jamie D. Wynn, Esq.
BRUNO, COLIN, JEWELL & LOWE, P.C.
1999 Broadway, Suite 3100
Denver, CO 80202
Telephone: (303) 831-1099
mcolin@bcjlpc.com; jwynn@bcjlp.com
*Counsel for Defendant Officers*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 18th day of January 2011, I electronically filed the foregoing **RESPONSE TO MOTION TO STRIKE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses as follows, or as provided to the Court:

Lonn M. Heymann, Esq.
Rosenthal & Heymann, LLC
lonn@rosehey.com

Raymond Bryant, Esq.
Rosenthal & Heymann, LLC
Raymond@rosehey.com

Marc Colin, Esq.
Bruno, Colin, Jewell & Lowe, P.C.
mcolin@bcjlpc.com

Jamie Wynn, Esq.
Bruno, Colin, Jewell & Lowe, P.C.
jwynn@bcjlpc.com

                 *s/ Raquel R. Trujillo*
                 Raquel R. Trujillo, Legal Secretary
                 Office of the City Attorney