IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01006-MSK-BNB

JOHN STEPHEN HEANEY,

    Plaintiff,

v.

DETECTIVE JAMES COSTIGAN,
DETECTIVE MICHAEL CORDOVA,
DETECTIVE NOEL IKEDA,
SERGEANT DANIEL STEELE; and
THE CITY AND COUNTY OF DENVER, COLORADO,

    Defendants.

---

**AMENDED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING SUMMARY JUDGMENT ON PLAINTFF'S MONELL CLAIM**

---

Plaintiff, by and through his attorney, Raymond K. Bryant hereby moves this Court to reconsider its earlier Order granting summary judgment on Plaintiff's *Monell* claim (Docket 119) and to reinstate Plaintiff's Seventh Claim for Relief against the City and County of Denver (herein "the City") due to a mistake in the application of law regarding Plaintiff's *Monell* theory, and in support states as follows:

CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with Defendants' counsel via email correspondence on October 4 and 5, 2011 regarding this motion. Defendants' counsel objects to the relief sought.

1

INTRODUCTION

1. On September 16, 2011, this Honorable Court entered the Opinion and Order Granting, in Part, Motion for Summary Judgment *inter alia*, to Defendant City and County of Denver on Plaintiff's Seventh Claim for Relief, a *Monell* claim against the City and County of Denver (herein "Order").

2. The Court granted Summary Judgment on the basis that Plaintiff failed to establish that "failures in training and policies led to the application of excessive force." *Order* at 20.

3. In so finding, the Court applied a failure to train theory of *Monell* liability that requires a showing of inadequate police officer training to illustrate that the municipality is responsible for the use of excessive force. *Id.* at 19. The Court's analysis would correctly apply to Plaintiff's Sixth Claim for Relief, which alleged a "Constitutional Failure to Train and/or Supervise Pursuant to 42 U.S.C. § 1983 Against Supervisory and Training Defendants and the City and County of Denver." However, Plaintiff's Seventh Claim for Relief, a "*Monell* Claim Pursuant to 42 U.S.C. § 1983 Against the City and County of Denver," is not based on a failure to train theory. It is a direct theory of municipal liability targeting a specific policy that affirmatively led to the use of excessive force.

4. Properly applying the requirements of a direct theory of municipal liability, instead of a failure to train theory of municipal liability, the Defendants should not be entitled to summary judgment on Plaintiff's Seventh Claim for Relief.

DISCUSSION

5. There are many types of theories of *Monell* liability. See *Brown v. Whitman,* 651 F.Supp.2d 1216, 1227-1233 (D. Colo. 2009) (analyzing distinct theories of *Monell* claims, including direct policy, custom or usage, failure to train, ratification, and supervisory liability theories). Plaintiff's Sixth Claim for Relief was based on a failure to train theory. Plaintiff's Seventh Claim for Relief was a much more direct theory of liability alleging that the City's pain compliance policy was a moving force behind the excessive force used in this case.

6. Unlike a failure to train theory, a direct policy theory of municipal liability requires a lesser showing with fewer, albeit more direct, elements. For example, a failure to train theory requires a showing that:

> (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which police officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training.

*Allen v. Muskogee,* 119 F.3d 837, 841-42 (10th Cir. 1997). A theory alleging a direct policy of municipal liability requires only: (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill,* 110 F.3d 733, 742 (10th Cir. 1997). *See also Jenkins v. Wood,* 81 F.3d 988, 993-94 (10th Cir.1996) (citing *City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1202, 103 L.Ed.2d 412 (1989) and *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir.1993)).

7. A failure to train theory is a derivative *Monell* theory that questions what the City *failed to do*, as opposed to what the City *actually did*. As a result, a failure to train theory

requires a showing that whatever the municipality failed to train its officers to do was actually a moving force behind the alleged Constitutional violation.[1]

8. However, in evaluating Plaintiff's Seventh Claim for Relief this Court should not consider whether there was a *failure to* do anything that may have led to excessive force. The City of Denver enacted a pain compliance policy that, itself, affirmatively moved its officers to use excessive force. The City is liable for its officers' violation of Plaintiffs' rights when the officers who acted were executing official policy of the City. *Christensen v. Park City Mun. Corp.,* 554 F.3d 1271, 1279 (10th Cir. 2009). Defendant Officers Costigan and Cordova used excessive force when they followed the City's "pain compliance" policy and struck Plaintiff repeatedly using "pain compliance" strikes.

9. The City's "pain compliance" policy instructs its officers that they should use closed hand, baton strikes, and other force to induce pain when a citizen does not follow directions, fails to respond to a command, remains in a prone position, or passively resists by failing to move. *See Plaintiff's Amended Response to Defendants' Motion for Summary Judgment ("Plaintiff's Response") at 19-20; Denver's Pain Compliance Policy, conventionally submitted as Exhibit 1 (originally submitted as Plaintiff's Response, Exhibit 12), at Bates #003381-003382.* Both Defendant Officers Cordova and Costigan described in deposition that they used "pain compliance" strikes on Mr. Heaney when Mr. Heaney was on his hands and knees and they wanted him to move flat on the ground. *See Plaintiff's Response at 21;*

---

[1] Plaintiff Seventh Claim for Relief does not assert a *"failure to" Monell* theory *(*failure to act, recognize custom, supervise, train, etc.) that would require proof of deliberate indifference. *See Brown,* 651 F.Supp.2d 1216, 1227-1233; *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir. 1993). Although Plaintiff did include a deliberate indifference analysis in Plaintiff's Amended Response to Defendants' Motion for Summary Judgment, such a showing is unnecessary to meet the standard required under the progeny of *Monell* for a direct policy theory of liability.

4

*Deposition testimony of Cordova, hereby attached as Exhibit 2* (original attached as Plaintiff's Response Exhibit 7) at 216:24-25, 217:1-6; *Deposition Testimony of Costigan, hereby attached as Exhibit 3* (originally attached as Plaintiff's Response Exhibit 20) at 77:4-7.[2] It was while Mr. Heaney was on his hands and knees that Mr. Heaney was stunned, unable to move, and incapable of responding to the officers' commands because of the police beating. *See Plaintiff's Response* at 10, 20-21; *Heaney Testimony at Cordova's criminal trial, hereby attached as Exhibit 4 (originally attached as Plaintiff's Response Exhibit 2),* at *173:16-20, 187:3-5, 196:8-25; Deposition testimony of Heaney, hereby attached as Exhibit 5 (originally attached as Plaintiff's Response Exhibit 6) at 178:9-25, 179:1-14*. Whether or not the officers issued legal commands at that time, Mr. Heaney could not have reasonably been expected to respond to a command. Mr. Heaney was dazed and unresponsive to anything but bracing himself in self-preservation. *Prinkey Testimony from Cordova Criminal Trial, hereby submitted as Exhibit 6 (originally submitted as Exhibit 9)* at 129:6-25, 130:1-4. Thus, by following the City's pain compliance policy and using pain compliance strikes on a dazed and shocked Mr. Heaney, the Defendant Officers used excessive force; the officers believed they were authorized to apply repeated strikes that were unnecessary, excessive, and unreasonable under the circumstances.

10. By implication, the City's policy moves its officers to use excessive force in many circumstances where a citizen might reasonably fail to respond to commands or has gone limp. For example, the policy implicitly encourages its officers to use strikes on a citizen who fails to

---

2 Although the officers did not specifically say they were following the pain compliance policy when they used pain compliance punches, the officers' use of the term "pain compliance strikes" appears from the deposition to refer to the City's policy. The officers' confidence that their pain compliance strikes were acceptable is linked to their implicit observance of the policy. The officers' use of the "pain compliance" label in the context of using force in this circumstance strongly suggests that their use of force is linked to authorization in the policy.

respond because he/she: cannot hear or understand officer commands, is incapable of following specific officer commands, is stunned from prior strikes, or is unconscious. The absurdity of the policy is revealed by the example of a person who dies while police are handling him/her. The policy instructs officers that they may continue striking a citizen who stops moving and/or goes limp, merely by virtue of the fact that the person stops moving. In short, the City's pain compliance policy exceeds constitutional bounds by directing its officers to use force against citizens who are merely observed to be "passively resisting" because they are *doing nothing*.

11. Although an officer may reasonably use pain compliance strikes on a suspect who is actively resisting or fighting back, the policy's breadth encourages Denver Police Department officers to go beyond constitutional bounds to strike people who cannot reasonably respond, or who cannot follow a particular order – such as the order to Mr. Heaney to give an officer his hand while it is pinned beneath him. *Exhibit 4 at 187: 6-25, 188:1-12.* To establish municipal liability under § 1983, a plaintiff need not show that the policy promulgated by the municipality is unconstitutional in every application; proof that the policy is unconstitutional as applied in the plaintiff's case will suffice. *Brown v. Whitman,* 651 F.Supp.2d 1216, 1227-1228 (D.Colo. 2009), *See also Christensen v. Park City Municipal Corp.,* 554 F.3d 1271, 1279 (10th Cir. 2009). The policy is unconstitutional as it was applied in the facts of this case because it led the officers to use force on someone who did nothing to warrant repeated strikes to his head and body. The policy will undoubtedly lead officers to use excessive force in the form of repeated beatings in other circumstances if it is not found unconstitutional.

12. Plaintiff acknowledges that the Court in its Order expressed concern that the document detailing the City's Pain Compliance Policy (previously submitted as Exhibit 12 in

6

Plaintiff's Response) was an excerpt of a larger document. Plaintiff limited Exhibit 12 to the essential portion of Denver's polices on "Arrest and Control Techniques" to conform with D.C.COLO.LCivR 56.1(C). Plaintiff represented to the Court in Plaintiff's Response and in Plaintiff's Motion to Seal the document (Docket 101) that the exhibit reflected the City's Policy regarding pain compliance. Plaintiff's representation was un-rebutted by Defendants' counsel because Defendants submitted the policy as part of Defendants' discovery disclosures. Plaintiff hereby conventionally resubmits this policy as Exhibit 1, Defendant's Bates *#003381-003382,* within the Denver Police Department's complete "Arrest and Control Techniques" policy guide, as disclosed to Plaintiff. Defendants' Response to Plaintiff's Requests for Production is also conventionally submitted as Exhibit 7 to assure the Court of the policy's authenticity (Defendants produced the policy in response to Plaintiff's Request for Production #1).

13. The Federal Rules of Civil Procedure and the Court's plenary power to revisit its orders provides a legal basis for Plaintiff's requested relief.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

14. Reconsideration of a non-final order falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *Rodeman v. Foster*, 767 F.Supp.2d 1176, 1188-1189 (D.Colo. 2011); *see also* Fed.R.Civ.P 54(b). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Servants of Paraclete v. Does,* 204 F.d 1005, 1012 (10th Cir. 2000).

Wherefore, for the reasons stated above, Plaintiff respectfully requests that this Honorable Court reconsider its opinion that Defendants are entitled to summary judgment on Plaintiff's Seventh Claim for Relief and reinstate Plaintiff's *Monell* claim, as set forth in Plaintiff's Complaint, in Plaintiff's Amended Response to Defendants' Motion for Summary Judgment, and herein, against Defendant City and County of Denver.

Respectfully submitted this 5th day of October, 2011.

        LONN HEYMANN LAW FIRM, P.C.

         s/ *Raymond K. Bryant*
        Raymond K. Bryant

        1391 Speer Blvd., Suite 550
        Denver, Colorado 80204
        Phone: (303) 825-9100
        Fax:   (303) 416-4264
        ATTORNEY FOR PLAINTIFF HEANEY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2011, I electronically filed the foregoing **AMENDED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING SUMMARY JUDGMENT ON PLAINTFF'S MONELL CLAIM** using the CM/ECF system to:

Marc F. Colin
mcolin@bcjlpc.com

Suzanne A. Fasing
Suzanne.Fasing@denvergov.org


                *s/  Raymond K. Bryant*