IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01006-MSK-BNB

JOHN STEPHEN HEANEY,

        Plaintiff,

v.

DETECTIVE JAMES COSTIGAN,
DETECTIVE MICHAEL CORDOVA,
DETECTIVE NOEL IKEDA, and
SERGEANT DANIEL STEELE,

        Defendants.

---

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Reconsideration **(# 124)**, the Defendants' response **(# 128)**, and the Plaintiff's reply **(# 130)**.

The Court assumes familiarity with the proceedings to date in the case. It is sufficient to note that the Plaintiff asserts various claims arising out of an altercation with the Defendant police officers in which the Plaintiff was allegedly subjected to the use of excessive force. In an Opinion and Order **(# 119)** dated September 16, 2011, the Court granted summary judgment to former Defendant City and County of Denver on two claims seeking to impose municipal liability, finding that the Plaintiff had failed to come forward with evidence regarding Denver's training or supervision of police officers..

The Plaintiff now requests reconsideration of that portion of the September 16 Order that

granted summary judgment to the City and County of Denver on the Plaintiff's Seventh Claim for Relief. The Plaintiff explains that it asserted two different types of municipal liability claims. The Sixth Claim for relief alleged that Denver failed to adequately train and/or supervise the Defendant police officers, and the Plaintiff concedes (or at least accepts) the Court's grant of summary judgment to Denver on that claim. But the Plaintiff explains that the Seventh Claim asserted municipal liability on a different theory: that Denver's "use of force" policy is facially unconstitutional, such that Denver should be held directly liable for maintaining such a policy. *Citing Hollingsworth v. Hill*, 110 F.3d 733, 744 (10th Cir. 1997). The Plaintiff's argument derives from one paragraph in a document allegedly constituting Denver's official policy regarding police use of force. That paragraph, under the subheading "Pain Compliance," reads:

> If a suspect does not willingly comply with an officer's directions,
> the response by the officer may include using a chemical agent,
> strikes to the suspects' body with a close hand or object (baton), or
> using pressure to parts of the suspect's body to induce pain.

The Plaintiff argues that this paragraph encourages officers to resort to "pain compliance" techniques in response to any form of resistance, even passive resistance, by a subject, and thus, the policy expressly condones the use of excessive force.

Without questioning the Plaintiff's assertion that direct municipal liability may be imposed where the municipality maintains a facially unconstitutional policy, the Court nevertheless finds that Denver is entitled to summary judgment on the Plaintiff's Seventh Claim insofar as the Plaintiff has failed to adequately demonstrate that Denver's "use of force" policies encourage, condone, or permit police officers to use excessive force. In his response to the summary judgment motion, the Plaintiff submitted only a two-page excerpt from an otherwise

unidentified larger document.  (The excerpt is described in some detail in the Court's September 16 Order and the key language is quoted above.)  He submitted no evidence explaining how (or even if) this alleged policy was disseminated to police officers, what additional instructions or training they might have received in regard to interpreting or applying the alleged policy, or any other information that would illuminate how this alleged policy indeed relates to the allegations in this case.[1]

Although the Court's September 16 Order noted the absence of any evidence placing the alleged policy in any sort of context, the Plaintiff's instant Motion for Reconsideration does not improve upon the situation.  As relevant here, the Plaintiff has only supplemented its prior tender by offering the remainder of the document from which the excerpt was taken.  Interestingly, a review of the entire document itself offers some illumination as to the significance of the excerpt provided by the Plaintiff, but not in a way that inures to the Plaintiff's benefit.  In his summary judgment response, the Plaintiff tendered only two pages of the document.  Having viewed the

---

[1]In the instant motion, the Plaintiff indicates that the excerpt was produced in response to a Request for Production issued to the Defendants during discovery.  The cited request for production generically requests production of all documents "identified in [the Defendants' responses to the Plaintiff's] set of interrogatories."  The Plaintiff offers no further guidance to the Court on this point, but the Court's independent review of the interrogatories themselves indicates that the document excerpt bears Bates # 3381 and 3382, and that range is referenced only in response to Interrogatory # 10.

Interrogatory # 10 asked the Defendants to "List and describe in detail, in technical terms, each pinning, holding, subduing, pain compliance, leverage, or other techniques approved by the Denver Police department for officer use in the field."  Thus, at best, the Plaintiff has demonstrated that the document excerpt establishes <u>what</u> "pain compliance . . . techniques" are "approved by the Denver Police Department  for officer use in the field."  The document has <u>not</u> been identified by Denver as purporting to set forth any municipal policy regarding <u>when</u> police officers may employ such pain compliance techniques.  Thus, the Plaintiff continues to fail to demonstrate that the tendered excerpt indeed reflects Denver's "policy" regarding when officers may resort to pain control techniques..

complete document, the excerpt provided by the Plaintiff was incomplete; text both preceding and following the excerpted portion places the quoted language in a context that does not support the Plaintiff's reading of the excerpt.

The portion of the document preceding the excerpt makes clear that the "pain compliance" section is part of a larger section entitled "Reasonable Force Considerations." That section explains that a police officer "is authorized to use physical force in making an arrest," and that "[h]e is authorized to use the force necessary to overcome the resistance made by the suspect." But it proceeds to explain that "[t]his force will be different in every situation" and that "a minimal amount of force may be reasonable in a given arrest or a tremendous amount of force may be reasonable for a different arrest." The section proceeds to list a variety of "force" tools that a police officer may use, including "command presence," "voice," "hand control," "chemical agent," "hand strike," and "baton/impact instrument," among others. The excerpt begins on the following page, noting that "the level of force employed must be commensurate with the seriousness of the immediate situation," and that "an officer would rely on his training, experience, and assessment of the situation to decide what the appropriate level of force would be used."

The excerpted portion appears to be the Plaintiff's attempt to present the "Pain Compliance" subsection of the document to the Court. But a review of the full document reveals that the Plaintiff did not supply the Court with the entirety of the "Pain Compliance" subsection. The page immediately following the excerpted portion continues, without any change in heading:

> The level of force applied by an officer to overcome a resistance

> must reflect the totality of circumstances surrounding the
> immediate situation. The officer needs only to select a level of
> force that is within the range of "objectively reasonable" options.
> Officers must rely on training, experience and assessment of the
> situation to decide an appropriate level of force to be applied.
> Reasonable and sound judgment will dictate the force option to be
> employed.

That page and its following pages go on to include a thorough discussion of principles relating to the prohibition against the use of excessive force.

Taken as a whole, then, the document is not susceptible to the reading that the Plaintiff gives it – *i.e.* that Denver policy allows police officers to apply "pain compliance" techniques in response to any resistance by a subject, no matter how slight. Rather, the entirety of the document reveals that officers are repeatedly reminded that all use of force, whether in the form of pain compliance techniques or otherwise, must be calibrated to be commensurate with the circumstances of the situation. No reasonable person, attempting to interpret the document as a whole, would understand the "Pain Compliance" subsection to permit or encourage officers to resort to "chemical agents," "strikes to the suspect's body with a closed hand or object," or "pressure on the parts of the suspect's body to induce pain" to be administered regardless of the circumstances of the situation. The only reasonable reading of the "Pain Compliance" subsection is that a police officer is permitted to engage in such techniques where, based on the officer's "training, experience, and assessment of the situation," the circumstances require such techniques in order to obtain compliance with the officer's instructions. Such a policy is consonant with the law governing the use of force, and thus, the policy itself is not facially unconstitutional. Without a showing of such facial unconstitutionality, the Plaintiff may not hold Denver liable for the individual Defendant officers' conduct unless he can demonstrate that

Denver's training or implementation of its facially constitutional policy was somehow deficient. He has not done so, and Denver is entitled to summary judgment on both theories of municipal liability.

Accordingly, the Plantiff's Motion for Reconsideration **(# 124)** is **DENIED**.

Dated this 20th day of April, 2012

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge